UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| XOCHILT ELIZABETH VARELA LOPEZ, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| MARY DE ANDA YBARRA; | § | EP-26-CV-01391-DCG |
| PAMELA BONDI; | § | |
| TODD M. LYONS; | § | |
| MICHAEL WATKINS; | § | |
| KRISTI NOEM; and | § | |
| EAST CAMP MONTANA TEXAS, | § § | |
| *Respondents*. | § | |

## <u>ORDER DISMISSING CASE</u>

Even though her attorney has already filed a pending habeas corpus petition on her behalf, Petitioner Xochilt Elizabeth Varela Lopez has attempted to file a second habeas corpus case *pro se*. For the following reasons, the Court **DISMISSES** the later-filed case.

### I.    BACKGROUND

Immigration authorities are presently detaining Petitioner at ERO El Paso Camp East Montana.[1] On February 4, 2026, Attorney Mai Neng Moua filed a habeas corpus petition on Petitioner's behalf (the "First Petition").[2] Among other relief, the First Petition seeks an order requiring the Government to release Petitioner from immigration detention immediately—or,

---

[1] *See, e.g.*, 2d Pet., ECF No. 1, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See* Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief at 19, *Varela Lopez v. Doe*, No. 3:26-cv-00324 (W.D. Tex. Feb. 4, 2026), ECF No. 1 [hereinafter 1st Pet.].

barring that, to give her "a prompt, individualized custody hearing before a neutral Immigration Judge."[3]  The Court hasn't yet ruled on the First Petition.[4]

On May 15, 2026, Petitioner filed a second habeas corpus case.[5]  Her Second Petition seeks the same relief as the First: "immediate release from detention or, in the alternative[,] a bond hearing."[6]  The only significant difference for the purposes of this Order is that Petitioner filed the Proposed Second Petition "*pro se*"—that is, on her own behalf, rather than through her attorney.[7]

## II.    DISCUSSION

As this Court has repeatedly explained, "a party is not entitled to 'hybrid representation'—that is, to simultaneously proceed *pro se* and through counsel."[8]  "In other words, a party has a right to represent herself or to be represented by an attorney, but she cannot have it both ways."[9]

---

[3] *See id.* at 18.

[4] *See* Order Denying Motion for Status Conference Without Prejudice and Substituting Respondents at 2, *Varela Lopez v. Doe*, No. 3:26-cv-00324 (W.D. Tex. May 12, 2026), ECF No. 6 ("The Court has not yet ruled on the [First] Petition.  That's because the [First] Petition is one of over 160 immigration habeas petitions that have been assigned to the undersigned Judge since June 1, 2025.").

[5] *See* 2d Pet. at 1 (docket-stamped May 15, 2026).

The Court has confirmed that the "Xochilt Elizabeth Varela Lopez" who filed the instant suit is the same person as the "Xochitl Elizabeth Varela Lopez" who filed the first suit.  *Compare, e.g.*, 1st Pet. Ex. 4, ECF No. 1-4, at 1 (providing Petitioner's A-Number), *with* 2d Pet. at 1 (listing the same A-Number).

[6] *See* 2d Pet. at 7.

[7] *See id.* at 8 (signing Petitioner's own name above "Signature of Attorney or other authorized person, if any").

[8] *E.g.*, *Perez Suarez v. Dep't of Homeland Sec.*, No. 3:26-CV-01174, 2026 WL 1166169, at *2 (W.D. Tex. Apr. 28, 2026) (citation modified).

[9] *E.g.*, *id.* (citation modified).

Here, Petitioner's attorney has already filed a pending habeas corpus petition on her behalf.[10]  Petitioner's attorney has not withdrawn as Petitioner's habeas counsel, so Petitioner cannot file a successive *pro se* petition of her own that seeks the same relief.[11]

### III.   CONCLUSION

Accordingly, the Court **DISMISSES** and **CLOSES** the above-captioned case.

The habeas corpus case that Petitioner's counsel filed on her behalf (*Varela Lopez v. Doe*, No. 3:26-cv-00324) **REMAINS OPEN**.  The Court will rule on the pending petition in that case in due course, as its heavy caseload permits.

The Clerk of Court's office shall **EMAIL** a copy of this Order to Petitioner's attorney (Ms. Mai Neng Moua).

The Court respectfully encourages Ms. Moua to **EDUCATE** her client that:

(1)    hybrid representation is impermissible; and

(2)    filing duplicative *pro se* petitions diverts the Court's time and attention from ruling on other habeas petitions—including the Petition that Ms. Moua filed on her behalf.

The Clerk's Office shall also **EMAIL** a copy of this Order to the attorneys representing the respondents in *Varela Lopez v. Doe*, No. 3:26-cv-00324.

---

[10] *See supra* notes 2–4 and accompanying text.

[11] *See, e.g.*, *Perez Suarez*, 2026 WL 1166169, at *2 (reaching the same conclusion in a different case).

- 4 -

Finally, the Clerk's Office shall **MAIL** this Order to:

Xochilt Elizabeth Varela Lopez
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 15th day of May 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**